UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOMMIE WEBB, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:16-CV-631 JCH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In the instant motion, movant claims that the new Supreme Court case of *Johnson v. United States*, 135 S.Ct. 2551 (2015), decided in June of 2015, should be applied to his case in order to reduce his sentence. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. Movant's motion will be denied and dismissed as successive. His motion to stay this action will be denied.

On July 11, 2002, movant was convicted after a jury trial, of possessing with intent to distribute cocaine base (Count I); carrying or possessing a firearm in furtherance of drug trafficking (Count II); and being a felon in possession of a firearm (Count III). *See United States v. Webb*, No. 4:02-CR-127 JCH (E.D.Mo.).[1]

---

[1]The Presentencing Report determined that movant's base offense level was 26, pursuant to § 2D1.1. However, petitioner's total offense level was increased to 34 because he was considered a career offender pursuant to § 4B1.1. Movant had at least two qualifying prior convictions for either a crime of violence or a controlled substance offense. Specifically, movant had been convicted of sale of cocaine and assault with intent to kill with malice and aforethought, a controlled substance offense and a crime of violence, respectively, as defined in U.S.S.G. § 4B.1.2. As a result of his

1

On September 12, 2002, petitioner was sentenced to 322 months' imprisonment (262 months' on Count I, 120 months' on Count III, concurrent, and 60 months on Count II consecutive)). Movant appealed his conviction and sentence, however, the Eighth Circuit Court of Appeals affirmed. *See United States v. Webb*, No. 02-3611 (8th Cir. 2003).

Movant filed his first motion to vacate, brought pursuant to 28 U.S.C. § 2255, on December 13, 2004. *See Webb v. United States of America*, No. 4:04CV1730 JCH (E.D.Mo. 2004). This Court denied the motion, and the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability on March 3, 2005. *See Webb v. United States*, No. 05-1492 (8th Cir. 2005).

> Under 28 U.S.C. § 2255:
>
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

In this case, movant argues that his sentence is unconstitutional after *Johnson v. United States*, 135 S.Ct. 2551 (2015). He has filed an application for permission to file a successive motion to vacate in the Court of Appeals for the Eighth Circuit, which remains pending.[2] *Turner v.*

---

classification as a career offender, his criminal history category was VI and the advisory guideline range was 262-327 months.

[2] *See Webb v. United States*, No. 16-2343 (8th Cir. filed May 25, 2016).

*United States*, No. 16-2138 (8th Cir.). Movant seeks to hold the instant case in abeyance pending the decision of the Court of Appeals.

The requirement that prisoners obtain authorization from the circuit court before filing a second or successive petition in the district court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted).

Because movant has not received permission from the Court of Appeals to file this action, this Court lacks jurisdiction to entertain the motion or to hold this matter in abeyance. Therefore, the motion is denied, and this action is dismissed without prejudice.

Finally, movant has not met the burden for issuing a certificate of appealability under 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to stay and abey this action [Doc. #9] pending certification from the Eighth Circuit Court of Appeals is **DENIED**.

**IT IS FURTHER ORDERED** that the instant motion to vacate is **DENIED**, without prejudice, because movant did not obtain permission from the Eighth Circuit Court of Appeals to bring the motion in this Court. *See* 28 U.S.C. § 2255(h).

**IT IS FURTHER ORDERED** that this action will be **DISMISSED as SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this      13th      day of February, 2017.

                                                          \s\    Jean C. Hamilton
                                                          JEAN C. HAMILTON
                                                          UNITED STATES DISTRICT JUDGE